UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

EDWARD K. SHIGEMURA,

    Plaintiff,

v.                                                                                                                01-CV-3260

DIANE DUFT,
GILBERT ROMERO,
CHRISTINE SIMMONS,
ANTHONY SUGGS,
JAMES PAGE, and
BONNIE DAVISON,

    Defendants.

## Case Management Order

    A final pretrial conference was held by video on October 27, 2005. Plaintiff appeared *pro se*. Illinois Attorney General Carrie Lacey appeared for the defendants. The trial will be held January 3, 2006, with all the parties and their counsel appearing by video.

    Regarding the proposed final pretrial order, the plaintiff objected to the following statements: 1) "The class supervisor received a computer message indicating that Plaintiff attempted to break into the computer system using the supervisor's password."(d/e 84, p. 2, first ¶); and 2) "Plaintiff was not denied due process in the August 11, 1999, hearing." (d/e 84, p. 8). The plaintiff objects to these statements because he maintains his innocence on the charge, and because he believes that it has not been established that he received due process in the first hearing.

    The first statement is intended to tell the jury what the charge against him was, not that he was guilty of the charge. Upon reflection, however, the court believes the statement should be clarified to read: "The class supervisor *maintained that she* received a computer message indicating that Plaintiff attempted to break into the computer system using the supervisor's password." (Added words in *italics*).

    The plaintiff's objection to the second statement is overruled because the Seventh Circuit has already upheld this court's finding that no procedural due process violation occurred at the August 11, 1999 hearing. *Shigemura v. Duft*, No. 03-3527 (7th Cir., 9/30/04 Order). The only due process violation claimed by the plaintiff in the August 11th hearing was that he was denied the right to call witnesses. (d/e 63, p. 5, second & third full ¶¶; 7th Cir. 9/30/04 Order, p. 3, last paragraph). The Seventh Circuit held, "We agree with the district court . . . that the committee did not deny Shigemura the right to call witnesses within the meaning of *Wolff*." *Shigemure v. Duft*, No. 03-3527 (7th Cir., 9/30/04 Order, p. 3, last ¶). Therefore, the final pretrial order correctly states that the plaintiff was not denied due process in the August 11, 1999 hearing.

    Discussion was also had regarding the documentary evidence that will be introduced at trial. Ms. Lacey agreed to fax the exhibits the defendants will introduce at trial (Ex. E to final pretrial order), along with the following exhibits that the plaintiff seeks to introduce: 1) disciplinary record and grievances relevant to the plaintiff's remaining claim; 2) the defendants answers/admissions to the plaintiff's discovery requests; and 3) Diane Duft's affidavit attached to the defendants' summary judgment motion. The court will take judicial notice of the relevant sections of the Illinois Administrative Code. With the exhibits in the courtroom, the court will be able to project them onto the screen during the video trial, and to submit them to the jury for consideration.

As to the witnesses, Ms. Lacey will be faxing the location(s) from where she and the defendants will appear by video. The plaintiff will appear by video from Jefferson Correctional Center in Missouri.

The plaintiff asked to call three witnesses not listed on the final pretrial order: 1) Frank Hogan, a former IDOC inmate, to testify regarding the differences between a medium and maximum security prison; 2) Brett Sipenny, a former IDOC inmate, to testify regarding the plaintiff's innocence on the charge; and 3) Sharon Weaver, the computer classroom supervisor who wrote the ticket and who testified against the plaintiff at both disciplinary hearings.

At the final pretrial conference, the court denied the plaintiff's requests to call Weaver and Sipenny, on the grounds that their testimony went to the plaintiff's guilt or innocence on the charge, not to the plaintiff's due process claim. Only the plaintiff's procedural due process claim remains regarding the August 18, 1999, hearing. *Shigemure v. Duft*, No. 03-3527 (7th Cir., 9/30/04 Order, p. 4, last ¶)("Because Shigemura never had notice or an opportunity to be heard on the subject of these alleged prior offenses, we cannot hold that he received all the process due under *Wolff*.").[1]

Upon reflection, however, the court believes that the testimony of these witnesses may be relevant to establishing damages. The plaintiff may be trying to show what evidence he would have introduced at the August 18th hearing if he had been given a chance. Though perhaps a long shot, maybe the evidence he would have introduced would have changed the committee's decision, so that the extra punishment would not have been imposed (loss of good time, longer grade demotion and segregation, transfer to more restrictive prison). It is true that the plaintiff "had no right to confront or cross-examine Weaver [in the prison disciplinary hearing] to undermine her statements against him," *Shigemure v. Duft*, No. 03-3527 (7th Cir., 9/30/04 Order, p. 4), but the plaintiff might have been able to submit written questions for her if given notice, and perhaps her answers would have made a difference to the committee's decision at the August 18th hearing. As for former-inmate Sipenny, perhaps his testimony could have convinced the committee of the plaintiff's innocence or the plaintiff can otherwise establish the relevance of his testimony at trial. The court accordingly believes it would be premature to rule out the relevancy of these witnesses.

The court also notes that it appears undisputed that the plaintiff did not receive notice and an opportunity to be heard at the August 18th hearing. *Shigemure v. Duft*, No. 03-3527 (7th Cir., 9/30/04 Order, p. 4)("The defendants concede that on remand of his case, Shigemura never received notice or an opportunity to be heard."). Therefore, the court believes this should be added to the uncontested issues of law in the final pretrial order.

Ms. Lacey objected to the court's decision to conduct the trial entirely by video conference, to the extent that the defendants and Ms. Lacey must appear by video like the plaintiff. The plaintiff did not object to appearing by video at the trial.

There is no federal right that entitles a prisoner to be present in the courtroom to present his own civil case. *Ivey v. Harney*, 47 F.3d 181, 185 (7th Cir. 1995), *citing Stone v. Morris*, 546 F.2d 730, 735 (7th Cir. 1976); *Muhammad v. Page*, 2005 WL 2261042 (S.D. Ill. 2005). Federal Rule of Civil Procedure 43 permits a court "for good cause shown in compelling circumstances and upon appropriate safeguards, [to] permit presentation of testimony in open court by contemporaneous transmission from a different location." Additionally, the Prisoner Litigation Reform Act directs, to the extent practicable, pretrial proceedings to be held by telephone, video conferencing, or other technological means so that the prisoner does not have to be removed from his place of incarceration. 42 U.S.C. § 1997e(f)(1). Although § 1997e does not address proceedings at trial, there is nothing in its language or history to suggest that trials by video conference are prohibited. *Edwards v. Logan*, 38 F.Supp.2d

---

[1] The revision of the Adjustment Committee Summary on August 18, 1999, refers to the seriousness of the charges, not to prior offenses, but the affidavit of defendant Duft states that the prior offense information provided by Ms. Weaver at the August 18th hearing was the basis for the increased punishment (compare d/e 59, Ex. C to Ex. I).

2

463, 466 (W.D. Virg. 1999)("[T]here is no reason to believe Congress intended to prohibit the use of video conferencing to conduct the trial of a prisoner's suit. The clear intent of this legislation was to reduce the cost and administrative burdens associated with prisoner litigation.").

The case for trial by video here is especially compelling, considering the plaintiff's incarceration in another state (Jefferson City Correctional Center in Missouri). Jefferson City Correctional Center is over 300 miles from the courthouse in Urbana, Illinois. Additionally, the complicated logistics and legalities of coordinating the hand-off between different states--the Missouri Department of Corrections and the Illinois Department of Corrections–are unjustified here, given that this will likely be a one-day, relatively simple trial. In short, any benefits of producing the plaintiff personally for trial are substantially outweighed by the expected cost, time, logistics and security risks in doing so. Video conferencing will avoid these burdens and risks while still allowing all involved see and hear each other through a four-way split-screen.[2] The parties and attorneys will be able to respond and react to developing testimony or facts, and will be able to observe the jury's reactions, and the jury will be able to make credibility determinations. *See e.g., Edwards v. Logan*, 38 F.Supp. 2d 463 (W.D. Va. 1999)(discussing video conference and permitting trial by video conference where the plaintiff had been transferred out of state); *Muhammad v. Page*, 2005 WL 2261042 (S.D. Ill. 2005)(explaining reasons for requiring prisoner plaintiff and witnesses to appear by video conference).

The court recognizes the defendants' interest in being present in the courtroom. *See Lane v. Tennessee*, 315 F.3d 680, 682 (6th Cir. 2003)( "Parties in civil litigation have . . . [a] due process right to be present in the courtroom and to meaningfully participate in the process unless their exclusion furthers important governmental interests." ). However, an overriding and more compelling interest is at stake here: the "constitutional right to a fair trial in a civil case. It is difficult, but essential to maintain this right for prisoner-plaintiffs." *Lemmons v. Skidmore*, 985 F.2d 354, 357 (7th Cir. 1993)(*citations omitted)*. As this court has explained in other cases, the plaintiff will be unfairly disadvantaged if the defendants present their case face-to-face with the jury while the plaintiff is limited to video appearance. Appearance by video, though effective, is arguably "less than the complete equivalent of actual presence." *Constitutional and Statutory Validity of Judicial Video Conferencing*, 115 A.L.R. 5th 509 (2004); *Rusu v. U.S. INS*, 296 F.3d 316, 322 (4th Cir. 2002)(discussing problems with video conference testimony of asylum petitioner). Allowing defendants to appear personally would arguably give them an unwarranted strategic advantage. Fundamental fairness is better achieved by applying the same rules to both sides–i.e., everyone appears by video, sharing its benefits and drawbacks equally. Doing so is analogous to this court's rule requiring the defendants' attorneys to remain seated during the entire trial like the prisoner-pro se plaintiff, when the trial is held by personal appearance. The prisoner must remain seated throughout for security reasons, and so too, the defendants' attorneys, for reasons of fairness.

The defendants' interest in maximizing their persuasive effect on the jury is outweighed by the plaintiff's (indeed, society's) interest in a fair trial. The court does not believe the difference between presenting the case in person and presenting it by video works any undue prejudice or burden on the parties. IDOC defendants and the Illinois Attorney General have advanced their cases effectively and successfully through interactive video conference in prior cases with the court, and there is no reason why they cannot do so again here. *See Dunham v. Snyder et al.*, 02-1241 (jury verdict for defendants in video trial); *Crenshaw v. Payne et al.*, 02-1014 (same); *Thornton v. Chrans et al.*, 01-1347 (same)(appeal pending).

IT IS THEREFORE ORDERED:

1) The final pretrial order (d/e 84) is revised to read as follows:

A) Page two, second line, of the final pretrial order (d/e 84) is revised to read: "The class supervisor *maintained that she* received a computer message indicating that Plaintiff attempted to break into the

---

[2]The Judge sits with the jury in one screen; the plaintiff in another; the defendant's attorney in another; and the testifying witness in another. Exhibits may also be displayed on the screen.

computer system using the supervisor's password."  (Added words in *italics*).

   B)   The following persons are added to the plaintiff's witness list (d/e 84, Ex. B):  Frank Hogan, Brett Sipenny, and Sharon Weaver.

   C) Paragraph three of the uncontested issues of law is revised to read (d/e 84, p. 8): "The information used to impose a revocation of three months good conduct credit in the August 18, 1999, hearing, was found by the Seventh Circuit to be new evidence triggering the procedural protections of *Wolff*.  The plaintiff did not receive those procedural protections, namely notice and an opportunity to be heard."

 2) The clerk is directed to add the revisions to the final pretrial order by hand, and to rescan the final pretrial order as modified as a new docket entry.

 3) The defendants' counsel is directed to provide the last-known address of former inmates Frank Hogan (B36877) and Brett Sipenny (N57949) to the clerk within 7 days of the entry of this order.  Upon receipt of said addresses, the clerk shall issue and mail, by certified mail, subpoenas to said former inmates.  At the final pretrial conference, the court warned the plaintiff that mailing the subpoenas does not legally compel these witnesses' appearance at trial.  To do that, the plaintiff must provide the witness fee and mileage fee and is responsible for arranging for service pursuant to Fed. R. Civ. P. 45.

 4) Within seven days of the entry of this order, the defendants' counsel shall inform the court whether Sharon Weaver is currently employed with the IDOC.  If so, the defendants shall include Ms. Weaver in the list of witnesses that will appear by video as required below.  If Ms. Weaver no longer works for the IDOC and will not voluntarily appear as a trial witness, then the defendants' counsel is directed to provide the last-known address of Ms. Weaver to the clerk.  Upon receipt of said address, the clerk shall issue and mail, by certified mail, a subpoena to Ms. Weaver.  Again, the plaintiff is warned that doing so will not legally compel Ms. Weaver's presence.

 5) The defendants' counsel is directed to fax or mail the aforementioned exhibits to the clerk by November 14, 2005.

 6) The defendants' counsel is directed to fax to the clerk a list of the locations from where the defendants and their witnesses will appear for trial.  Upon receipt of the information, the clerk is directed to issue video writs to secure the video appearance at trial of the plaintiff, defendants, defendants' counsel, and witnesses.

 Entered this <u>1st</u> Day of <u>November</u>, 2005.

            **s\Harold A. Baker**
            _____
              HAROLD A. BAKER
            UNITED STATES DISTRICT JUDGE