UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

EDWARD K. SHIGEMURA,

    Plaintiff,

v.       01-CV-3260

DIANE DUFT,
GILBERT ROMERO,
CHRISTINE SIMMONS,
ANTHONY SUGGS,
JAMES PAGE, and
BONNIE DAVISON,

    Defendants.

## Order

A jury trial was held in this case on January 3, 2006, by video conference.[1] The plaintiff appeared *pro se*. Illinois Assistant Attorneys General Carrie Kinsella and Christopher Higgerson appeared for the defendants.

The plaintiff called only himself as a witness.[2] He testified, consistent with the stipulation of facts, that he received no notice of the August 18, 1999, hearing in which his good time was revoked and he received a longer term in segregation (from 15 days to three months), along with a transfer to another prison. The plaintiff admitted on the court's questioning that, on his release from the Illinois Department of Corrections (3 months late), he was transported

---

[1] After this court concluded that the trial should be conducted by video trial, the Seventh Circuit entered its opinion in *Thornton v. Snyder*, 428 F.3d 690, 698 (7th Cir. 2005), holding that a civil trial may be conducted by video for good cause, a decision within the court's discretion, but "not one that should be taken lightly," given the limitations on videoconferencing. The court in this case explained previously the good cause for conducting this trial by video, namely, the plaintiff's incarceration in Missouri over 300 miles from the courthouse, and the simplicity of the case. (*See 11/1/05 Court Order, d/e 89*).

[2] The plaintiff was unable to provide the required witness and mileage fees for the witnesses he sought to subpoena, listed on the amended final pretrial order (d/e 90). The court mailed subpoenas to those witnesses without those fees, but they did not appear. As explained by the court, mailing the subpoenas and their receipt did not compel the witness' attendance.

straight to the Missouri Department of Corrections, to serve out a concurrent sentence. This answer was consistent with stipulated fact #23 in the amended final pretrial order (d/e 23)("Plaintiff proceeded directly from Illinois to Missouri custody, based on a concurrent sentence with Missouri.").[3] He is scheduled for release from the Missouri Department of Corrections in May or June, 2007.

Defendants Duft, Simmons and Suggs then testified for the defendants. Duft and Simmons admitted that they gave no notice to the plaintiff of the August 18, 1999 hearing. They testified that they did not believe a hearing was necessary, because the plaintiff had already gotten a chance to defend himself at the first disciplinary hearing on August 11, 1999, and had denied the charges. Calling plaintiff before them again would have been, in their minds, repetitive and redundant, since the plaintiff had already denied his guilt.

Thereafter, the court granted judgment to the plaintiff as a matter of law pursuant to Fed. R. Civ. P. 50(a)(1) for nominal damages of $1.00, against Defendants Duft, Simmons, and Suggs. This is the written explanation for that order.

It is clear that the plaintiff's procedural due process rights were violated in the August 18, 1999 hearing–that violation was already determined by the Seventh Circuit Court of Appeals and was part of the amended final pretrial order. *Shigemure v. Duft*, No. 03-3527 (7th Cir., 9/30/04 Order, p. 4)("The defendants concede that on remand of his case, Shigemura never received notice or an opportunity to be heard."); final pretrial order p. 8, ¶ 2, d/e 90.

It is also clear that defendants Duft, Simmons and Suggs were personally involved in that violation. Duft and Simmons admitted that they recommended the good time revocation without notice to the plaintiff. The fact that they could only *recommend* the good time revocation does not absolve them of personal responsibility–their recommendation was an indispensable step to obtaining that revocation. Similarly, Suggs is personally responsible even though he was not present at the August 18th hearing. He was the one who directed that the lighter punishment be reviewed because of the seriousness of the charges and plaintiff's past history of similar offenses. True, he did not direct that the punishment be increased without a proper rehearing, but it is clear from the Adjustment Committee Report that the inmate was not present at that rehearing. The Report states that "the IDR and summary were remanded by the Warden to add additional information due to the serious nature of offense." (8/18/1999 Adjustment Committee Final Summary Report, incident # 199905853, signed and approved by Defendant Suggs). The

---

[3] The defendants previously asserted that the plaintiff had been released from the IDOC on March 15, 2000, but not taken into custody by Missouri until April 6, 2000, and did not assert any concurrent sentence in Missouri. (d/e 78, pp. 5-6). The plaintiff did nothing to correct that assertion, though he admitted at trial that he went straight from Illinois custody to Missouri custody. Moreover, the plaintiff concurred in stipulated fact # 23 in the amended pretrial order.

basis for decision lists only a reporting employee's statements, nothing by the plaintiff. Suggs, Simmons and Duft are also not entitled to qualified immunity in light of the Seventh Circuit's opinion, as already explained in the court's order of March 22, 2005 (d/e 83).

At trial, the plaintiff agreed with the Court that defendants Romero, Davison, and Page played no part in the due process violation. For that reason, the court directed a verdict in favor of those defendants. However, in reviewing the plaintiff's evidence, it is clear that defendant Davison also bears personal responsibility for the violation, because she recommended the increased punishment stand, despite her knowledge of the plaintiff's absence at the rehearing. (Davison's Grievance Officer's Report dated 8/27/99, which states in part "On the remand, sanctions can be increased if additional evidence justified imposition of greater punishment . . . If there are no new charges then the DR does not require that inmate be present at re-hearing as no more information was sought from him."); *see also Sanville v. McCaughtry*, 266 F.3d 724, 739 (7th Cir. 2001)(defendant is personally responsible if the "conduct occurred with his knowledge or consent."). Defendant Davison accordingly approved of the manner in which the punishment was increased and personal responsibility attaches to her.

In contrast, defendants Romero and Page bear no personal responsibility. Romero became the warden after the good time had been revoked and the plaintiff had been transferred. His only involvement was signing off on the final rewrite of the Adjustment Committee Report after the remand, in accordance with the ARB's direction. As for defendant Page, he was the warden at Stateville Correctional Center, the prison to which the plaintiff was transferred. That is his only connection to this case–he had nothing to do with the disciplinary hearing or increased punishment.

Though a procedural due process violation occurred, the plaintiff presented no evidence of recoverable damages. He admitted at trial that he will not serve any more time in prison because of the violation. This is because he went straight from the Illinois Department of Corrections to the Missouri Department of Corrections to serve a concurrent sentence and will not be released until May or June, 2007. It is true that the plaintiff also received a longer stint in segregation, but he cannot recover damages for segregation *as a result of the procedural due process violation*. The United States Supreme Court held in *Sandin v. Conner*, 515 U.S. 472 (1995), that disciplinary segregation does not implicate the due process clause, if "such segregation does not impose an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." In *Sandin*, an inmate was put in disciplinary segregation for 30 days for a disciplinary ticket that was later expunged. During his stay in disciplinary segregation, the inmate could not leave his cell, work, take classes or mingle, and spent the entire day alone in his cell, except for about fifty minutes each day for exercise and shower, shackled by leg irons and waist chains. 515 U.S. at 493 (J. Breyer and Souter, dissenting). The Supreme Court found that his segregation "did not present the type of atypical, significant deprivation in

which a State might conceivably create a liberty interest." 515 U.S. at 485.  With no liberty interest, there is no due process violation.[4]  That the plaintiff lost good time as well does not elevate his disciplinary segregation to an injury compensable on a procedural due process claim.[5]

Additionally, the plaintiff cannot recover for mental or emotional injury, because he suffered no physical injury. 42 U.S.C § 1997e(e).  And, he presented no evidence that might support an award of punitive damages.  "Punitive damages are available in § 1983 cases only upon a showing of 'evil motive or intent, or ⋯ reckless or callous indifference to the federally protected rights of others." ' *Kyle v. Patterson*, 196 F.3d 695, 697-98 (7th Cir.1999) (citations omitted).  There was no evidence of any aggravating circumstances or reckless or callous behavior that might support a punitive damages award.  *See Id.*

The plaintiff having failed to present any evidence of actual and compensable injury, nominal damages of $1.00 are warranted.  *See Carey v. Piphus*, 435 U.S. 247, 266 (1978)(stating that, even in absence of actual injury, denial of procedural due process actionable for nominal damages of $1.00); *Kyle*, 196 F.3d 697 ("nominal damages, of which $1 is the norm, are an appropriate means of vindicating rights whose deprivation has not caused actual, provable injury").  The plaintiff may, however, recover his costs of suit.  Fed. R. Civ. P. 54(d)(costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs).  In this case, the costs recoverable by the plaintiff are likely the filing fees, ($150 in the district court and $105 in the appellate court), but there may be others.  *See* 28 U.S.C. § 1920 (listing costs recoverable).  Section 1920 requires the plaintiff to file a bill of costs before the costs can be included in the judgment.

IT IS THEREFORE ORDERED:

---

[4] There is no evidence, nor has the plaintiff contended, that the segregation he suffered was "atypical and significant" under *Sandin* standards.  The comparison is not between the general population and segregation, but between disciplinary segregation and non-disciplinary segregation. *Lekas v. Briley*, 405 F.3d 602, 609 (7th Cir. 2005).  Under current and controlling case law, "'a prisoner has no liberty interest in remaining in the general population.'" *Id.*  Similarly, the plaintiff had no liberty interest in avoiding transfer from Graham Correctional Center to Stateville Correctional Center (a higher security prison).  There is no evidence nor has the plaintiff contended that the conditions at Stateville were the kind of "atypical and significant" deprivations that might trigger due process protections (like transfer to a "supermax" prison).  *See Westefer v. Snyder*, 422 F.3d 570, 589-590 (7th Cir. 2005)(discussing Tamms Correctional Center); *Wilkinson v. Austin*, 12 S.Ct. 2384 (2005)(inmates had liberty interest in avoiding Ohio's supermax prison).

[5] That does not mean damages for segregation are never recoverable.  For example, if the plaintiff was placed in segregation because of his race, or out of retaliation for a lawsuit he filed, a constitutional claim would arise for that segregation and damages might be recoverable.  *See, e.g., DeWalt v. Carter, 224 F.3d 607, 618* (7th Cir. 1999)(constitutional acts can become unconstitutional if done in retaliation for the exercise of a constitutionally protected right.).  In any event, even if damages for disciplinary segregation were recoverable for a procedural due process violation because good time was revoked, the plaintiff offered no testimony or evidence to support a damage award: he gave no details about his living conditions before or after the discipline.

1) The clerk is directed to enter a Second Amended Judgment in favor of the plaintiff Edward Shigemura and against defendants Diane Duft, Anthony Suggs, Christine Simmons, and Bonnie Davison in the sum of $1.00 and costs of suit. The Second Amended Judgment shall be in favor of defendants Gilberto Romero and James Page, and against the plaintiff Edward Shigemura. The clerk is further directed to delete the sentence "parties are to bear their own costs" from the Amended Judgment;

2) The clerk is directed to send a Bill of Costs form to the plaintiff. The plaintiff shall file his bill of costs by January 31, 2006.

Entered this 9th Day of January , 2006.

s\Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE